## No. 12,474.

JORDAN v. CAMPBELL.
(6 P. [2d] 911)

Decided December 21, 1931.

Mr. W. D. WRIGHT, Mr. W. D. WRIGHT, JR., for plaintiff in error.

No appearance for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Robert L. Jordan sued John C. Ryan, Harry J. Morris and John J. Campbell to recover the amount due the plaintiff on a promissory note executed by Royal Dutch Metals, Inc., a corporation. The cause of action alleged is a failure to file an annual corporation report in 1929. During the time of the alleged default Ryan was president of the corporation and Morris was its secretary. The court rendered judgment against Ryan and Morris, but sustained Campbell's demurrer to the complaint, and, Jordan having elected to stand upon his complaint, the court dismissed the action as against Campbell. Jordan seeks to reverse the judgment of dismissal.

Section 2312, C. L., requires every corporation to file an annual report with the secretary of state within sixty days next after January 1, and provides that if a corporation shall fail to file its annual report within the prescribed time, the officers and directors shall be individually liable for all debts of the corporation that shall be contracted during the year next preceding the time when such report should have been filed and until such report shall be filed. The section also contains the following provisions: "Provided, That in case of absence, refusal or inability * * * of the president and secretary, of any * * * corporation, * * * to file an annual report as above prescribed, then any director may execute and file such report within the thirty days next after the expiration of the sixty-day period provided for in this act. This provision is made for the express purpose of protecting the directors and cannot be employed as a remedy to relieve the secretary or president from the imposition of the penalties provided for in this section."

No report was filed within the sixty-day period. While the liability of the president and the secretary arose upon failure to file the annual report within that period, a director who is neither president nor secretary—such was the status of Campbell—has thirty days after the expiration of said sixty-day period within which to file the report, and no liability on his part arises until the expiration of that thirty-day period, and it arises then only in case he has failed to file the report.

The action was commenced on March 5, 1929, long before the expiration of the time allowed Campbell for filing the report. He was not in default, and therefore was under no liability to Jordan. The court properly dismissed the action as against Campbell.

The judgment is affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.